# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>   vs.<br>TERENCE J. BONNER,<br><br>                          Defendant. | CASE NO. 12CR3429 WQH<br><br>ORDER |

Hayes, Judge:

The matters before the Court are: 1) the United States' motions in limine (ECF No. 103); Defendant's motion in limine to exclude irrelevant and prejudicial evidence (ECF No. 102); and 3) Defendant's motion to strike surplusage (ECF No. 104).

## BACKGROUND FACTS

On August 16, 2012, the federal grand jury in the Southern District of California returned an Indictment charging Defendant Terence J. Bonner with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and eleven counts of wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 1). Defendant was arraigned on the Indictment and entered pleas of not guilty. (ECF No. 4).

On September 25, 2013, the grand jury returned a Superseding Indictment charging Defendant with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, four counts of mail fraud in violation of 18 U.S.C. § 1341, and four counts of wire fraud in violation of 18 U.S.C. § 1343. (ECF No. 96).

**RULINGS OF THE COURT**

1) <u>United States' motions in limine</u> (ECF. No. 103);

On January 23, 2024, this Court held a hearing on the motions in limine. Trial is scheduled to begin in February 4, 2014. The Court makes the following rulings on the motion in limine filed by the Plaintiff United States:

United States' motion to admit business records (ECF No. 103-1) is denied without prejudice and with leave to renew at the presentation of evidence.

United States' motion to admit summary charts (ECF No. 103-2) is denied without prejudice and with leave to renew at the presentation of evidence.

United States' motion to preclude reference to pretrial motions (ECF No. 103-3) is granted. No party shall make reference to any pretrial motion or pretrial ruling of the Court without seeking leave of the Court outside the presence of the jury.

United States' motion to preclude argument that the Government owes Defendant money (ECF No. 103-4) is denied without prejudice and with leave to renew at the presentation of evidence.

United States' motion to preclude cross-examination about the investigation (ECF No. 103-5) is denied without prejudice and with leave to renew at the presentation of evidence. No party shall make reference to any pretrial motion or ruling without seeking leave of the Court outside the presence of the jury.

United States' motion to impeach Defendant with suppressed evidence (ECF No. 103-6) is denied without prejudice and with leave to renew in the event that Defendant testifies at trial.

United States' motion to admit Defendant's post-indictment statement (ECF No. 103-7) is denied in part and granted in part. The Court finds that the statement "I could have been going there to visit a sick relative. But, because I was going there to visit my girlfriend, they said, aha, we have something that we can smear his name with" is admissible under Federal Rule of Evidence 801(d)(2).

United States' motion to use exhibits in opening (ECF No. 103-8) is granted as to any exhibit agreed upon by the parties for use in opening statement.

2)  <u>Defendant's motion in limine to exclude irrelevant and prejudicial evidence</u> (ECF No. 102);

Defendant moves the Court for an order to preclude any reference to pornography, his marital status, or an extramarital affair on the grounds that the evidence is prejudicial and irrelevant to the criminal charge. Defendant further moves the Court for an order precluding the Government from any direct and/or indirect reference to any evidence suppressed by Order of the Court or any evidence derived from evidence suppressed by Order of the Court. Defendant contends that this evidence, even if relevant, would result in unfair prejudice, confuse the issues, or mislead the jury.

The Government opposes the motion to preclude evidence of the Defendant's marital status or an extramarital affair on the grounds that the evidence is relevant to explain to the jury Defendant's method and a motive for defrauding the Union. The Government contends that it is entitled to offer evidence of Defendant's trips to visit his mistress in Chicago in order to explain to the jury "*what* Defendant did and *why* he did it." (ECF No. 109 at 3).

Rule 401 of the Federal Rules of Evidence provides that "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evidence 701. In this case, the Court cannot find that evidence of Defendant's marital status or an extramarital affair is not relevant. The Court further does not find that the probative value of evidence of Defendant's marital status or an extramarital affair is substantially outweighed by the danger of unfair prejudice, confusing the jury, or misleading the jury. Unfair prejudice is measured by the extent to which the evidence "makes conviction more likely because it provokes an emotional response in the jury

1  or other wise tends to affect adversely the jury's judgment as to Defendant's guilt or
2  innocence of the crime charged." *Ramirez-Jiminez*, 967 F.2d 1321, 1327 (9th Cir.
3  1982). The Court concludes that the evidence of the Defendant's marital status and
4  alleged extramarital affair has significant value in proving that the Defendant
5  knowingly engaged in the acts charged in the indictment and acted with intent to
6  defraud.

7  Defendant's motion to preclude any reference to his marital status or an
8  extramarital affair is denied without prejudice to object to any specific question.
9  Defendant's motion to preclude any reference to pornography and any direct and/or
10 indirect reference to any evidence suppressed by Order of the Court or any evidence
11 derived from evidence suppressed by Order of the Court is granted with leave to request
12 reconsideration outside the presence of the jury. No party shall make reference to
13 pornography or any direct and/or indirect reference to any evidence suppressed by
14 Order of the Court or any evidence derived from evidence suppressed by Order of the
15 Court without seeking leave of the Court outside the presence of the jury.

16 (3) <u>Defendant's motion to strike surplusage</u> (ECF No. 104)

17 Defendant moves the Court to strike from the Superseding Indictment references
18 to certain union policies on the grounds that these allegations do not constitute any
19 crime or impropriety. Defendant further moves to strike references to Defendant's
20 "mistress" on the grounds that these allegations are immaterial and irrelevant as well
21 as extremely prejudicial.

22 The Government contends that evidence of the Defendant's self-dealing policies
23 and his alleged extramarital affair are relevant to the Government's theory of the case
24 and that there is no basis to strike these references from the Superseding Indictment.

25 Rule 7(d) of the Federal Rules of Criminal Procedure provides that the district
26 court may strike "surplusage" from an indictment. "The purpose is to protect against
27 prejudicial or inflammatory allegations that are neither relevant nor material to the
28

1  charges." *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988) (quotations
2  omitted).

3     The Court concludes that the references in the Superseding Indictment to
4  Defendant's alleged extramarital affair and alleged self-dealing policies have relevance
5  to prove that the Defendant knowingly engaged in the acts charged in the indictment
6  and acted with intent to defraud.  There are no grounds under Rule 7(d) to strike these
7  references from the indictment.

## CONCLUSION

9     IT IS HEREBY ORDERED that:
10     (1) United States' motion to admit business records (ECF No. 103-1) is denied
11 without prejudice and with leave to renew at the presentation of evidence.
12     (2) United States' motion to admit summary charts (ECF No. 103-2) is denied
13 without prejudice and with leave to renew at the presentation of evidence.
14     (3) United States' motion to preclude reference to pretrial motions (ECF No. 103-
15 3) is granted.  No party shall make reference to any pretrial motion or ruling without
16 seeking leave of the Court outside the presence of the jury.
17     (4) United States' motion to preclude argument that the Government owes
18 Defendant money (ECF No. 103-4) is denied without prejudice and with leave to renew
19 at the presentation of evidence.
20     (5) United States' motion to preclude cross-examination about the investigation
21 (ECF No. 103-5) is denied without prejudice and with leave to renew at the presentation
22 of evidence.  No party shall make reference to any pretrial motion or ruling without
23 seeking leave of the Court outside the presence of the jury.
24     (6) United States' motion to impeach Defendant with suppressed evidence (ECF
25 No. 103-6) is denied without prejudice and with leave to renew in the event that
26 Defendant testifies at trial.
27     (7) United States' motion to admit Defendant's post-indictment statement (ECF
28 No. 103-7) is granted as to the statement "I could have been going there to visit a sick

1  relative. But, because I was going there to visit my girlfriend, they said, aha, we have
2  something that we can smear his name with" and otherwise denied with leave to seek
3  reconsideration outside the presence of the jury.

4　　　(8) United States' motion to use exhibits in opening (ECF No. 103-8) is granted
5  as to any exhibit agreed upon by the parties for use in opening statement.

6　　　IT IS FURTHER ORDERED that Defendant's motion to preclude any reference
7  to Defendant's marital status or an extramarital affair is denied without prejudice to
8  object to any specific question. Defendant's motion to preclude any reference to
9  pornography and any direct and/or indirect reference to any evidence suppressed by
10 Order of the Court or any evidence derived from evidence suppressed by Order of the
11 Court is granted with leave to request reconsideration outside the presence of the jury.
12 No party shall make reference to pornography or any direct and/or indirect reference to
13 any evidence suppressed by Order of the Court or any evidence derived from evidence
14 suppressed by Order of the Court without seeking leave of the Court outside the
15 presence of the jury.

16　　　IT IS FURTHER ORDERED that Defendant's motion to strike surplusage (ECF
17 No. 104) is denied.

18 DATED: January 30, 2014

19　　　　　　　　　　　　　　　_William Q. Hayes_
20　　　　　　　　　　　　　　　**WILLIAM Q. HAYES**
　　　　　　　　　　　　　　　　United States District Judge